IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL C. BERTIE                                                                    PLAINTIFF

v.                                    CIVIL NO. 09-5097

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael C. Bertie, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on March 27, 2007, alleging an inability to work since November 2, 2006, due to depression, fatigue, arthritis, anxiety, Hepatitis C and mental confusion. (Tr. 110-112, 115-117). An administrative hearing was held on October 22, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 16-47).

By written decision dated December 19, 2008, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr.

57). Specifically, the ALJ found Plaintiff had the following severe impairments: hepatitis C, depression and anxiety secondary to general medical condition, cognitive disorder, not otherwise specified; antisocial personality disorder; and arthritis. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 58). The ALJ found Plaintiff retained the residual functional capacity (RFC) to

> lift and carry ten pounds occasionally and less than ten pounds frequently, sit for about six hours during an eight-hour workday and stand and walk for about two hours during an eight-hour workday. In addition, the undersigned finds that the claimant cannot drive and that he can perform unskilled work.

(Tr. 60). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as an assembler, an addressing clerk, and a surveillance system monitor. (Tr. 64).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing the additional evidence, denied that request on March 27, 2009. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

AO72A
(Rev. 8/82)

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council reflects the following. In a letter dated January 26, 2009, Dr. David Beck, Plaintiff's treating physician, stated he had personally helped manage Plaintiff's care at the Community Clinic since June of 2007. (Tr. 108). Dr. Beck

AO72A
(Rev. 8/82)

noted Plaintiff had a history of infection with chronic Hepatitis C and that Plaintiff underwent a combination treatment for his condition from May of 2007 until November of 2007. With this therapy, Dr. Beck stated Plaintiff had achieved remission of his Hepatitis C. Dr. Beck further stated that the side effects from the combination treatment include fatigue, depression, emotional irritability, somatic pain, as well as other problems. Dr. Beck stated that the length of time that a patient can be expected to suffer from treatment induced side effects from Hepatitis C therapy is indeterminate, but that Plaintiff continued to experience significant problems with fatigue, depression, and pain. Dr Beck stated that he was hopeful that with time and proper therapy Plaintiff's health and ability to function would improve.

In the present case, the ALJ discounted Dr. Beck's September 25, 2007 opinion that Plaintiff could sit/stand/walk a total of six hours out of an eight-hour day. (Tr. 382). In doing so, the ALJ pointed out that Dr. Beck's opinion was given during the time that Plaintiff was undergoing the treatment for Hepatitis C and that this treatment could have resulted in greater limitations during the course of the seven month treatment. (Tr. 63). The ALJ stated that there was no evidence that Plaintiff's symptoms/limitations were expected to persist at the same level after Plaintiff's treatment was completed. The additional medical evidence submitted to the Appeals Council provides evidence to support Plaintiff's complaints that he continued to experience significant side effects from his treatment as late as January of 2009. Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, we believe that remand is necessary to allow the ALJ to consider this new and material evidence.

AO72A
(Rev. 8/82)

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of November 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE